Darren P.B. Rumack (DR-2642)
THE KLEIN LAW GROUP
39 Broadway Suite 1530
New York, NY 10006
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiffs and the putative class.*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------x

**IJAZ ISHAQ and FEHZEN KHAN**
*Individually and on behalf of others similarly situated,*

                        **Plaintiffs**

v.                                     **COMPLAINT**
                                      Index No.

                                      **RULE 23 CLASS ACTION AND
                                      COLLECTIVE ACTION UNDER
                                      29 USC § 216(b)**

                                      **JURY TRIAL DEMANDED**

**LITTLE CAESARS NORTHEAST 3 INC.,
LITTLE CAESARS NORTHEAST 4 INC.,
LITTLE CAESARS NORTHEAST 5 INC.,
LITTLE CAESARS NORTHEAST 6 INC.,
LITTLE CAESARS NORTHEAST 7 INC.,
LITTLE CAESARS NORTHEAST 8 INC.,
LITTLE CAESARS NORTHEAST 9 INC.,
LITTLE CAESARS NORTHEAST 11 INC.
d/b/a LITTLE CAESARS and MOHAMMED S. KHAN**

                        **Defendants.**
----------------------------------------------------------------------x

      1.      Plaintiffs, Ijaz Ishaq and Fehzen Kahn (collectively "Plaintiffs"), individually and on behalf of others similarly situated, allege as follows:

                                          **NATURE OF THE ACTION**

2. This Action on behalf of Plaintiffs, individually and on behalf of other similarly situated employees of Little Caesars Northeast 3 Inc., Little Caesars Northeast 4 Inc., Little Caesars Northeast 5 Inc., Little Caesars Northeast 6 Inc., Little Caesars Northeast 7 Inc., Little Caesars Northeast 8 Inc., Little Caesars Northeast 9 Inc., and Little Caesars Northeast 11 Inc. d/b/a Little Caesars ("Little Caesars"), and Mohammed S. Khan individually (collectively "Defendants"), who performed work at Little Caesars' locations owned by Defendants, including but not limited to: 300 Wyckoff Ave., Brooklyn, NY 11237, 190 East 98th Street, Brooklyn, NY 11212, 1446 Nostrand Ave., Brooklyn, NY 11226, 535 Utica Avenue, Brooklyn, NY 11203, 1491 Broadway, Brooklyn, NY 11221, and 715 Broadway, Brooklyn, NY 11206 as non-exempt pizza store workers (collectively "Pizza Store Workers"), seeks the recovery for unpaid overtime hours while employed by Defendants. Plaintiffs seek these damages under the applicable provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

3. Throughout the course of Plaintiffs' employment, Defendants failed to compensate its non-exempt employees with overtime premiums for hours worked over 40 per workweek.

4. Plaintiffs and Pizza Store Workers are not exempt from the overtime pay requirements under federal or state law.

5. Defendants have failed to monitor and/or properly record the actual hours worked by its non-exempt employees.

6. Defendants have applied the same employment policies, practices and procedures to all of its Pizza Store Workers across all of its stores.

7. Plaintiffs bring this action on behalf of themselves and all similarly situated current and former non-exempt Pizza Store Workers pursuant to Federal Rule of Civil Procedure

("FRCP") 23 to remedy violations of the New York Labor Law ("NYLL"), Article 6 §§ *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## JURISDICTION AND VENUE

8. This Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper in this District, because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein allegedly took place in this District.

## PARTIES

10. Plaintiff Ijaz Ishaq, a resident of New York State, was employed as a Pizza Store Worker for Defendants at the 1446 Nostrand Ave., 300 Wyckoff Ave. and 535 Utica Ave. stores from on or around October 2010 through April 2015. Plaintiff was employed by Defendants during the relevant limitations periods.

11. Plaintiff Fehzen Kahn ("Fehzen"), a resident of New York State, is employed as a Pizza Store Worker for Defendants at the 1491 Broadway, and 715 Broadway locations from on or about 2009 through August 2015. Plaintiff was employed by Defendants during the relevant limitations periods.

3

12. Little Caesars is a New York Corporation that operates or has operated pizza store locations including those located at 300 Wyckoff Ave., 190 East 98th Street, 1446 Nostrand Ave. 11226, 535 Utica Avenue, 1491 Broadway, and 715 Broadway in Brooklyn.

13. Defendant Mohammed S. Khan is the owner of Little Caesars.

14. Upon information and belief, Little Caesars has an annual gross volume of sales in excess of $500,000.00.

15. At all relevant times, corporate Defendants have been and continue to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

16. All Defendants are hereinafter collectively referred to as "Defendants."

## FLSA COLLECTIVE ACTION ALLEGATIONS

17. Plaintiffs bring the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 USC § 216(b), on behalf of all similarly situated non-exempt employees who were employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

18. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them one half and one half times the employees' regular rate of pay for work in excess of (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

19. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 USC § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants and via email.

## CLASS ACTION ALLEGATIONS

20. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this lawsuit as a class action on behalf of all similarly situated non-executive, non-exempt employees of Defendants, or who have been or are employed by Defendants within six years prior to the filing of this Complaint (the "Rule 23 Class" or the "Class").

21. **Numerosity**: The potential number of persons in the Class is so numerous that joinder of all members would be unfeasible and impractical. The disposition of their claims through this class action will benefit both the parties and this Court. The number of persons in the Class is unknown to Plaintiffs at this time; however, it is estimated that the number exceeds 40 individuals.

22. **Commonality and Typicality**: The claims of Plaintiffs (for non-payment of overtime pay) are typical of the claims of all of the other members of the Class because all of them sustained similar injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all of the other members of the Class were caused by Defendants' wrongful conduct as described in this Complaint.

23. **Ascertainable Class**: The proposed Class is ascertainable in that its members can be identified and located using information contained in Defendants' payroll and personnel records.

24. **Adequacy**: Plaintiffs are an adequate representative of the Class; will fairly protect the interests of the other members of the Class; have no interests antagonistic to the members of the Class; and will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type. Class Counsel is competent and experienced in litigating large wage payment class actions.

25. **Superiority**: The nature of this action makes the use of the class action vehicle a particularly efficient and appropriate procedure to afford relief to Plaintiffs and the other members of the Class for the wrongs alleged herein, as follows:

   a. This case involves a large corporate Defendant and a large number of individuals with many relatively small claims and common issues of law and fact;

   b. If each individual member of the Class was required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because, with its vastly superior financial and legal resources, it would be able to exploit and overwhelm the limited resources of each individual member of the Class;

   c. Requiring each individual member of the Class to pursue an individual remedy would also discourage the assertion of lawful claims by members of the Class who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation;

6

d. The Prosecution of separate actions by the individual members of the Class, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual members of the Class against Defendants; would establish potentially incompatible standards of conduct for Defendants, would result in legal determination with respect to individual members of the Class which would, as a practical matter, be dispositive of the interest of the other members of the Class who are not parties to the adjudications; and/or would substantially impair or impede the ability of the members of the Class to protect their own interests;

e. The claims of the individual members of the Class may not be sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses thereto;

f. Furthermore, as the damages suffered by each individual member of the Class may be relatively small, the expense and burden of individual litigation would make it difficult of impossible for individual member of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action; and

g. The costs to the court system of adjudication of such individualized litigation would be substantial.

## FACTUAL ALLEGATIONS

26. Defendants committed the following alleged acts knowingly, willfully and intentionally.

27. Defendants knew that the nonpayment of overtime pay to Plaintiffs and the Pizza Store Workers would economically injure Plaintiffs and the Pizza Store Workers and violated state and federal laws.

**Ijaz Ishaq**

28. Plaintiff Ishaq was employed from about from on or about October 2010 through April 2015 as a Pizza Store Worker for Defendants.

29. Plaintiff Ishaq worked as a Pizza Store Worker at the 1446 Nostrand Ave. location until 2012 when he began working at the 300 Wyckoff location through the end of his employment. Plaintiff Ishaq also worked at the 535 Utica Avenue location for two or three months in or around 2012.

30. Plaintiff Ishaq worked as a Pizza Store Worker through his entire employment period, with job duties including but not limited to making food in the kitchen and also working at the cash register when needed.

31. When Plaintiff Ishaq was working at the Wyckoff Ave. location in or around 2013, he was promoted to store manager.

32. As a store manager Plaintiff Ishaq's primary job duties remained making food in the kitchen and working at the cash register.

33. As store manager, Plaintiff Ishaq spent the majority of his workdays preparing and serving pizza and food to customers.

34. Plaintiff Ishaq had no hiring or firing authority, did not interview job applicants, had no scheduling authority and had no disciplinary authority.

35. All hiring and firing decisions had to be made through Defendant Mohammed S. Khan.

8

36. Throughout the course of his employment, Plaintiff Ishaq regularly worked six (6) or seven (7) days per week for Defendants.

37. Throughout the course of his employment, Plaintiff Ishaq regularly worked ten (10) hour to twelve (12) hour shifts, and sixty-five (65) to seventy (70) hours per week.

38. Plaintiff Ishaq was paid at a rate of $7.25 per hour from 2010 through around 2011, and was then raised $8.50 per hour.

39. When he went to the 300 Wyckoff in 2012, Plaintiff Ishaq's pay was raised to $10.00 per hour.

40. Plaintiff Ishaq then received $12.00 per hour as a store manager starting in August 2013, which was raised $13.00 per hour in June 2014 through the end of his employment.

41. Plaintiff Ishaq was paid in check every two weeks.

**Fehzen Khan**

42. Plaintiff Fehzen Khan was employed as a Pizza Store Worker for Defendants from 2009 to August 2015.

43. Plaintiff Fehzen Khan was employed as a Pizza Store Worker at Defendants' 1491 Broadway and 715 Broadway locations.

44. Plaintiff Fehzen Khan worked as a Pizza Store Worker throughout his entire employment period, with job duties including but not limited to making food in the kitchen and also working at the cash register when needed.

45. When Plaintiff Fehzen Khan was working at the 715 Broadway location in or around 2011, he was promoted to store manager.

46. As a store manager Plaintiff Fehzen Khan's primary job duties remained making food in the kitchen and working at the cash register.

47. As store manager, Plaintiff Fehzen Khan spent the majority of his workdays preparing and serving pizza and food to customers

48. Plaintiff Fehzen Khan had no hiring or firing authority, did not interview job applicants, had no scheduling authority and had no disciplinary authority.

49. All hiring and firing decisions had to be made through Defendant Mohammed S. Khan.

50. Throughout the course of his employment, Plaintiff Fehzen Khan regularly worked six (6) days per week for Defendants.

51. Throughout the course of his employment, Plaintiff Fehzen Khan regularly worked ten (10) hour to twelve (12) hour shifts, and sixty-five (65) to seventy (70) hours per week.

52. Plaintiff Fehzen Khan was paid at a rate of $7.25 per hour from 2010 through around 2011, when it was raised to $8.50 per hour and then $10.00 per hour.

53. Plaintiff Fehzen Khan's salary was raised to $11.00 per hour when he was promoted to store manager.

54. Plaintiff Fehzen Khan began receiving $12.00 per hour in 2014, which was raised $14.00 per hour in 2015 through the end of his employment.

55. Plaintiff Fehzen Khan was paid in check every two weeks.

56. Plaintiffs and the Pizza Store Workers often worked in excess of forty (40) hours per workweek.

57. Plaintiffs and the Pizza Store Workers were paid straight time for their hours worked over forty (40) per week.

58. Defendants unlawfully failed to pay the Plaintiffs and the Pizza Store Workers one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek.

59. Defendants violated the New York State's Wage Theft Prevention Act because it failed to provide Plaintiffs and the Pizza Store Workers with a written notice of their rate of pay and failed to keep proper payroll records as required under New York law.

60. Defendants further violated the New York Wage Theft Prevention Act because it failed to provide Plaintiffs and the Pizza Store Workers with pay stubs (or wage statements) that contained all of the required information and/or accurate information.

61. Defendant Khan has control over Little Caesars' pay procedures, including but not limited to setting rates of pay for employees.

62. Defendant Khan has hiring and firing authority over Little Caesars' employees.

## **FIRST CAUSE OF ACTION**
**Fair Labor Standards Act-Overtime Wages Brought By Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs**

63. Plaintiffs individually and on behalf of the FLSA Collective Plaintiffs, re-allege and incorporate by reference all allegations in all preceding paragraphs.

64. The overtime wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.,* and the supporting federal regulations apply to Defendants and protects Plaintiffs, and the FLSA Collective Plaintiffs.

65. Defendants have willfully failed to pay Plaintiffs and the FLSA Collective Plaintiffs the overtime wages for hours worked in excess of forty (40) hours in a workweek.

66. As a result of Defendants' unlawful acts, Plaintiffs and the FLSA Collective Plaintiffs have been deprived of overtime compensation and other wages in an amount to be

determined at trial, and are entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

## SECOND CAUSE OF ACTION
### New York Labor Law-Unpaid Overtime Brought By Plaintiffs on Behalf of Themselves and the Rule 23 Class

67. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

68. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiffs and the Rule 23 Class.

69. Defendants have willfully failed to pay Plaintiffs and the Rule 23 Class the overtime wages for hours worked in excess of forty (40) hours in a workweek.

70. Defendants knowing or intentional failure to pay Plaintiffs and the Rule 23 Class overtime wages for hours worked in excess of forty (40) hours per week is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

71. As a result of Defendants' unlawful acts, Plaintiffs and the Rule 23 Class have been deprived of overtime compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre and post judgment interest, costs and other compensation pursuant to the New York Labor Laws.

## THIRD CAUSE OF ACTION
### NYS Spread of Hours Provisions-NY Comp. Code R & Regs. Tit. 12 § 146-1.6 Brought By Plaintiffs on Behalf of Themselves and the Rule 23 Class

72. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

73. Plaintiffs and the Rule 23 Class regularly had workdays that lasted ten (10) hours or more.

74. Defendants willfully and intentionally failed to compensate Plaintiffs and the Rule 23 Class one hour's pay at the basic New York State minimum hourly wage rate when their workdays reached or exceeded ten (10) hours, as required by New York law.

75. As a result of Defendants' willful and unlawful acts, Plaintiffs and the Rule 23 Class are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre and post judgment interest, costs and attorneys' fees, as provided by New York Labor Laws Article 19 § 663.

### FOURTH CAUSE OF ACTION
**Recordkeeping and Wage Theft Prevention Act Violations Brought By Plaintiffs on Behalf of Themselves and the Rule 23 Class**

76. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

77. Defendants failed to make, keep and preserve accurate records with respect to Plaintiffs and the Rule 23 Class, including hours worked each workday, and total hours worked each week, as required by the NYLL and its supporting regulations.

78. Defendants failed to provide Plaintiffs and the Rule 23 Class with a written notice of rate of pay as required by NYLL § 195.

79. Defendants failed to provide Plaintiffs and the Rule 23 Class with accurate wage statements as required by NYLL § 195.

80. Defendants' failure to make, keep and preserve accurate records was willful.

81. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Rule 23 Class are entitled to an award of damages, in an amount to be determined at trial, costs and attorneys' fees, as provided by NYLL § 198.

## **PRAYER FOR RELIEF**

82. WHEREFORE, Plaintiffs, individually and on behalf of the putative class prays for relief as follows:

    a. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

    b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York law;

    c. Designation of this action as a collective action pursuant to the FLSA on behalf of the FLSA Collective Plaintiffs and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated member of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

    d. Designation of Plaintiffs as representative plaintiffs of the FLSA Collective Plaintiffs;

    e. Certification of this case as a class action pursuant to Rule 23 of the FRCP.

    f. Designation of Plaintiffs as representative of the Rule 23 Class and Counsel of record as Class Counsel;

    g. Penalties available under applicable laws;

    h. Costs of the action incurred herein, including expert fees;

i. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, New York Labor Law § 663 and all other applicable statutes;

j. Pre-judgment and post-judgment interest, as provided by law; and

k. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs on behalf of themselves and the putative class hereby demands a jury trial on all causes of action and claims with respect to which they have a right.

Dated: New York, New York  
December 1, 2017

Respectfully submitted,

The Klein Law Group P.C.

By: _____
Darren P.B. Rumack (DR-2642)
39 Broadway, Suite 1530
New York, NY 10006
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiffs and the putative class.*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of my claims in my name and on my behalf to contest the failure of Little Caesars and/or their respective owners, affiliated companies, subsidiaries, predecessors, successors, contractors, directors, officers, franchisees, and/or affiliates to pay overtime wages, as required under state and/or federal law, and for making illegal wage deductions and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs and all other matter pertaining to this lawsuit.

_____     _____     _____
Signature                                    Date                           Printed Name

**CONSENT TO BECOME PARTY PLAINTIFF**

By my signature below, I hereby authorize the filing and prosecution of my claims in my name and on my behalf to contest the failure of Little Caesars and/or their respective owners, affiliated companies, subsidiaries, predecessors, successors, contractors, directors, officers, franchisees, and/or affiliates to pay overtime wages, as required under state and/or federal law, and for making illegal wage deductions and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs and all other matter pertaining to this lawsuit.

_____     _____     IJAZ ISHAQ
Signature                     Date                          Printed Name