# EXHIBIT A

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement") is entered into effective ~~August~~ June 19, 2018 by and between Ijaz Ishaq, his descendants, dependents, heirs, executors, administrators, agents, assigns, and successors, and Fehzen Khan, his descendants, dependents, heirs, executors, administrators, agents, assigns, and successors (collectively, "Plaintiffs"), and (i) Mohammed S. Khan and (ii) Little Caesars Northeast 3 Inc., Little Caesars Northeast 4 Inc., Little Caesars Northeast 5 Inc., Little Caesars Northeast 6 Inc., Little Caesars Northeast 7 Inc., Little Caesars Northeast 8 Inc., Little Caesars Northeast 9 Inc., and Little Caesars Northeast 11 Inc. d/b/a Little Caesars (collectively, "Defendants"). Plaintiffs and Defendants shall be collectively referred to as the "Parties".

**WHEREAS**, Plaintiffs commenced a civil action against Defendants on June 16, 2016 in the United States District Court for the Eastern District of New York, styled Ishaq et al v. Little Caesars Northeast 3 Inc. *et al.*, Civil Action No. 17-cv-7009 (MKB)(ST) (hereinafter the "Action");

**WHEREAS**, Defendants have denied and continue to deny any and all liability and wrongdoing with respect to Plaintiffs' claims; and

**WHEREAS**, Plaintiffs and Defendants now desire to settle fully and finally all claims and possible claims that Plaintiffs had, have or may have had against the Defendants relating to wage and hour issues and their compensation during the time the Plaintiffs were employed by the Defendants, including but not limited to those claims embodied in the aforementioned Action and without further litigation and without any finding of fact or admission of liability.

**NOW, THEREFORE**, for and in consideration of the mutual covenants contained herein, and other good and valuable consideration, the receipt and legal sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. <u>Non-Admission of Liability</u>. The Parties hereto recognize and agree that Defendants do not admit, and expressly deny, any violation of law or any liability to Plaintiffs or to anyone else as a result of or growing out of the matters set forth in the Action. Nothing in this Agreement shall be construed or interpreted as an admission or acknowledgement of any allegation made by any other Party, or of any wrongdoing or liability by any Party hereto. Neither this Agreement, nor its terms, will be admissible in any proceeding other than in an application seeking Court approval of this settlement and/or final dismissal of this matter, or a proceeding for breach of and/or to enforce the terms of this Agreement as set forth herein.

2. <u>Settlement Payment</u>. In complete settlement of any and all claims for actual, compensatory, punitive or other damages, as well as attorneys' fees and costs Plaintiffs may have had, has or may have, against the Defendants which are based on alleged wage and hour violations or any related claims, and in consideration of the dismissal of the action with prejudice attached hereto and made a part hereof as Exhibit "A", Defendants shall pay the total sum of Twenty Thousand Dollars and Zero Cents ($20,000.00) (the "Settlement Payment") which is inclusive of all attorney's fees and costs.

Defendants agree to pay $20,000.00 as follows:

(a) Within seven (7) business days after the judicial approval of this Agreement, or by August 13, 2018, whichever date is later, Defendants will issue a payment in the amount of $20,000.00 broken down as follows:
  a. one check made payable to "The Klein Law Group, P.C." in the amount of $6660.00 representing attorneys' fees.
  b. one check made payable to "Ijaz Ishaq" in the amount of $6670.00; and,
  c. one check made payable to "Fehzen Khan" in the amount of $6670.00.

(b) All checks shall be delivered to the attention of Darren Rumack, The Klein Law Group PC, 39 Broadway, Suite 1530, New York, NY 10006.

If Defendants fail to make timely the payment described above, or if the payment check fails to clear (i.e. bounces), except through no fault of Defendants, Plaintiffs' Counsel shall provide a notice to cure to Defendants by certified mail and email to their counsel: John Ho, Cozen O'Connor, 277 Park Ave., New York, NY 10172, at: JHo@cozen.com. Defendants shall cure the default within fifteen (15) days from and including the date on which the notice was received. If the default is not cured within the fifteen (15) day period, all remaining unpaid payment specified in above will become due immediately, plus any reasonable attorneys' fees and costs Plaintiffs incur in enforcing the Agreement, less any payments that were made under this Agreement.

3. <u>Plaintiffs' Responsibility for Taxes</u>. Plaintiffs assume full responsibility for any portion of the Settlement Payment for which no taxes are being withheld as set forth below, including any and all federal, state and local taxes or contributions which may hereafter be imposed or required to be paid by Plaintiffs under any federal, state, or municipal laws of any kind, with respect to the monies paid by Defendants to Plaintiffs or their attorneys pursuant to this Agreement. Indeed, although the Parties believe, in good faith, that the tax treatment of the Settlement Payment referenced in this Agreement is proper and in compliance with applicable IRS regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that Plaintiffs and/or any Defendant is liable for any failure by Plaintiffs or his attorneys to pay federal, state or local income or employment taxes with respect to the Settlement Payment set forth in this Agreement, or liable for interest or penalties related thereto, Plaintiffs agree to hold Defendants harmless for any such liability.

4. <u>Release</u>. In exchange for the Settlement Payments provided for in this Agreement, Plaintiffs agree to dismiss the action, with prejudice, and release, waive, acquit and forever discharge the Defendants, jointly and severally, from any and all charges, complaints, claims, controversies, demands, rights, disputes, and causes of action of any nature whatsoever, known or unknown, asserted or un-asserted, accrued or not accrued, arising before or existing when this Agreement is executed, which the Plaintiffs may have or claim to have against the Defendants and the other persons and/or entities released, but only insofar as they relate to any Wage and Hour Claims, any claims regarding the amount of their pay or the manner in which they were paid, or for attorney's fees, liquidated damages, interest, penalties, or any other type of liability

or potential liability related to their pay or the manner in which they were compensated during the period alleged in the Action, or during any other time period prior to the execution of this Agreement. For purposes of this agreement, Wage and Hour Claims shall mean: (i) all claims for any wage and hour violations that may have occurred arising from or relating to Plaintiffs' employment or engagement with Defendants under the Fair Labor Standards Act, including but not limited to not limited to, all claims under federal law for unpaid minimum or overtime wages, tip credit claims, tip misappropriation claims, and any other related wage and hour claims, interest on such claims, and attorneys' fees, expenses and costs related to such claims, and (ii) all claims for any wage and hour violations that may have occurred arising from or relating to Plaintiffs' employment or engagement with Defendants under New York state and/or local law, any and all claims for unpaid wages, tips, gratuities, service charges, administrative or other mandatory charges, liquidated damages, penalties, overtime pay, failure to maintain and furnish employees with proper wage records, claims to recover the tip credit, spread-of-hours claims, meal break claims, meal credit claims, uniform maintenance claims, uniform or tools-of-the trade reimbursement claims, call-in pay claims, and all other claims that were or could have been asserted in the Action, whether known or unknown, under New York state and/or local wage and hour laws, including but not limited to the New York Labor Law, New York Code of Rules and Regulations, New York Hospitality Industry Wage Order, New York Order for Miscellaneous Industries and Occupations, the New York Restaurant Industry Wage Order, and the New York Wage Theft Prevention Act.

     5.    **Non-Participation and Cooperation.** Pursuant to and as part of Plaintiffs' release and discharge of the Defendants as set forth herein, Plaintiffs agree not to participate willingly or voluntarily as a party in any lawsuit, claim, arbitration, suit, action, class action, investigation or other proceeding of any kind which relates to any matter that involves the Defendants unless required to do so by court order, subpoena or other directive by a court, administrative agency, or unless required to enforce this Agreement. To the extent any such action may be brought by a third party, Plaintiffs expressly waive any claim to any form of monetary or other damages or any other form of recovery or relief in connection with any such action.

     Nothing in this Agreement infringes on Plaintiffs' ability to testify, assist or participate in an investigation, hearing or proceeding conducted by or to file a charge or complaint of discrimination with the National Labor Relations Board, U.S. Equal Employment Opportunity Commission or comparable state or local agencies. These agencies have the authority to carry out their statutory duties by investigating the charge or complaint, issuing a determination, filing a lawsuit in federal or state court in their own name, or taking any other action authorized by law. Further, nothing in this Agreement shall prohibit Plaintiffs from making truthful statements pursuant to legal process (e.g. in a deposition, under subpoena) or to any government entity or agent. Notwithstanding the foregoing, Plaintiffs acknowledge and agree that this Agreement shall not be construed to interfere with his right to participate in any investigation or proceeding before a state or federal anti-discrimination agency; provided, however, that it does and shall operate to prevent Plaintiffs from receiving or sharing in any relief, remedy, judgment or award resulting from such investigation or proceeding that relates to or arises out of any allegation, action or matter occurring on or before the date of this Agreement. Further, nothing herein shall prevent Plaintiff from providing truthful information to any governmental entity or agent.

6. <u>No Claims Filed.</u> Plaintiffs represents to the Defendants, as a material inducement to enter into this Agreement, that other than the Action, there are no pending matters, claims, charges, proceedings, complaints or actions against or with respect to any of the Defendants based upon any claims released under this Agreement filed or submitted by Plaintiffs or with their knowledge, or on his behalf with any federal, state or local court, department or administrative or other agency. If any federal, state or local court, department, administrative or other agency assumes jurisdiction over any such matters, claims, charges, complaints or actions, Plaintiffs shall, if requested by counsel for Defendants, immediately cooperate (within the bounds of the law) in such counsel's efforts to take all actions necessary to cause said entity to terminate such proceeding without liability to the Defendant(s). Plaintiffs further represent that they have not assigned or transferred or attempted to assign or transfer to any person any claim that they have had or may have against any of the Defendants.

7. <u>No Reliance.</u> Plaintiffs acknowledge that, by signing this Agreement, they have not relied upon any representations, promises or agreements made by the Defendants or their employees, officers, directors or representatives (including any attorneys) that are not contained in this Agreement.

8. <u>Entire Agreement.</u> This Agreement contains the entire agreement and understanding of Plaintiffs and the Defendants concerning the subject matter hereof and supersedes and replaces all prior negotiations and proposed agreements. This Agreement may not be modified or amended except by an instrument in writing signed by the Parties hereto. No waiver of any provision of this Agreement will be binding unless made in a writing signed by the Parties hereto.

9. <u>Choice of Law.</u> This Agreement will be governed by, and construed pursuant to, the laws of the State of New York without regard to its conflict of laws principles. Any dispute under this Agreement shall be adjudicated by a court of competent jurisdiction in the County of New York, State of New York or in the United States District Court, Eastern District of New York, and the Parties consent to such jurisdiction, agree that venue only in the County of New York, State of New York or United States District Court, Eastern District of New York would be proper, and hereby waive any challenge thereto based on lack of personal jurisdiction or inconvenient forum.

10. <u>Headings/Counterparts.</u> The headings of the paragraphs herein are included for reference only and are not intended to affect the interpretation of the Agreement. This Agreement may be executed by each party in separate counterparts and by facsimile or PDF signatures, and each such duly executed counterpart shall be of the same validity, force and effect as the original.

11. <u>Drafter of this Agreement.</u> In recognition of the fact that the Parties hereto had an equal opportunity to negotiate the language of, and draft, this Agreement, the parties acknowledge and agree that there is no single drafter of this Agreement and therefore, the general rule that ambiguities are to be construed against the drafter is, and shall be, inapplicable. If any language in this Agreement is found or claimed to be ambiguous, each party shall have the

4

same opportunity to present evidence as to the actual intent of the Parties with respect to any such ambiguous language without any inference or presumption being drawn against any party.

12    Severability. With the exception of Section 4 above, if any provision of this Agreement or the application thereof is held invalid, such invalidation shall not affect other provisions or applications of this Agreement, and, to this end, the provisions of this Agreement are declared to be severable. In the event that Section 4 is held unenforceable by a court of competent jurisdiction, the Defendants' obligations under Section 2 shall be null and void, and Plaintiffs shall be liable for the return of the Settlement Payment in full.

13.    Representations of the Parties. The Parties each individually represent and warrant that:

   A.    They have the power and are duly authorized to enter into this Agreement with regard to all matters described herein upon the terms set forth herein, and the persons executing this Agreement are authorized agents for purposes of executing this agreement;

   B.    The execution of this Agreement does not put any party hereto in violation of any agreement to which she or it is a party; and

   C.    This Agreement constitutes a legal, valid, and binding obligation enforceable in accordance with the terms hereof.

   D.    They have carefully read this Agreement and fully understand its meaning;

   E.    They have consulted with an attorney before signing the Settlement Agreement;

   F.    They are signing this Agreement, knowingly, voluntarily, and without any coercion or duress; and

      G.    Everything they are receiving for signing this Agreement is described in the Agreement itself, and no other promises or representations have been made to cause any Party to sign it.

IN WITNESS HEREOF, the Parties have executed this Settlement Agreement and General Release on the dates shown below.

**IJAZ ISHAQ**

Dated: 6/18/18

*/s/ Ijaz*

**FEHZEN KHAN**

Dated: 6/18/18

*/s/ Fehzen Khan*

**MOHAMMED S. KHAN**

Dated: 6/19/18

*/s/ Khan*

**LITTLE CAESARS NORTHEAST 3 INC.,**
**LITTLE CAESARS NORTHEAST 4 INC.,**
**LITTLE CAESARS NORTHEAST 5 INC.,**
**LITTLE CAESARS NORTHEAST 6 INC.,**
**LITTLE CAESARS NORTHEAST 7 INC.,**
**LITTLE CAESARS NORTHEAST 8 INC.,**
**LITTLE CAESARS NORTHEAST 9 INC.,**
**LITTLE CAESARS NORTHEAST 11 INC.**

Dated: 6/19/18

*/s/ Khan*

By: Mohammed S. Khan
Title: President

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
IJAZ ISHAQ and FEHZEN KHAN
*Individually and on behalf of others similarly situated,*

                              **Plaintiffs**

v.

                                        Index No. 17-cv-7009 (MKB)(ST)

                                        **AFFIDAVIT OF CONFESSION**
                                        **OF JUDGEMENT**

LITTLE CAESARS NORTHEAST 3 INC.,
LITTLE CAESARS NORTHEAST 4 INC.,
LITTLE CAESARS NORTHEAST 5 INC.,
LITTLE CAESARS NORTHEAST 6 INC.,
LITTLE CAESARS NORTHEAST 7 INC.,
LITTLE CAESARS NORTHEAST 8 INC.,
LITTLE CAESARS NORTHEAST 9 INC.,
LITTLE CAESARS NORTHEAST 11 INC.
d/b/a LITTLE CAESARS and MOHAMMED S. KHAN

                              **Defendant.**
---------------------------------------------------------------x
STATE OF NEW YORK  )
                         )  ss:
COUNTY OF NEW YORK )

      I, **MOHAMMED S. KHAN**, declare upon personal knowledge and under penalty of perjury that the following statements are true and correct:

1.    I, Mohammed S. Khan, was the owner and operator of Defendants Little Caesars Northeast 3 Inc., Little Caesars Northeast 4 Inc., Little Caesars Northeast 5 Inc., Little Caesars Northeast 6 Inc., Little Caesars Northeast 7 Inc., Little Caesars Northeast 8 Inc., Little Caesars Northeast 9 Inc., and Little Caesars Northeast 11 Inc. d/b/a Little Caesars (collectively "Little Caesars"), and reside at:

_____.

2. I have authority to sign on behalf of myself and on behalf of Little Caesars, and I am duly authorized to make this affidavit on my own, as well as on the undersigned entities' behalves.

3. I hereby confess judgment and authorize entry of judgment Little Caesars, and myself, jointly and severally, in favor of Plaintiffs for the sum of $20,000.00, less any payments previously received pursuant to the terms of the Settlement Agreement dated _____, 2018 (the "Settlement Agreement") signed by Plaintiffs and Defendant in the above-captioned proceeding, together with interest from the date of the execution of this Affidavit to the date of entry of judgment on the sum of $20,000.00, computed at a rate of 9%; statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924; and reasonable attorneys' fees incurred in entering and enforcing the judgment.

4. I, Mohammed S. Khan, hereby confess judgment and authorize judgment against me in favor of Plaintiffs for the sum of $20,000.00, less any payments previously received pursuant to the terms of the Settlement Agreement dated _____, 2018, signed by Plaintiffs and Defendant in the above-captioned proceeding, together with interest from the date of the execution of this Affidavit to the date of entry of judgment on the sum of $20,000.00, computed at a rate of 9%; statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924; and reasonable attorneys' fees incurred in entering and enforcing the judgment.

5. This Confession of Judgment is for a debt justly due to Plaintiffs pursuant to the Settlement Agreement, and Defendants' default in payment under the Settlement Agreement.

6. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed as a judgment against Little Caesars, against all property, of any kind, in which any of them, collectively or individually, have any ownership interest.

Dated: New York, NY
June 19, 2018

_____
Mohammed S. Khan

Sworn to before me this ___ day of ___, 2018

_____
Notary Public

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
IJAZ ISHAQ and FEHZEN KHAN
*Individually and on behalf of others similarly situated,*

                           **Plaintiffs**

v.

                                              Index No. 17-cv-7009 (MKB)(ST)

                                              **STIPULATION OF
DISCONTINUANCE**

LITTLE CAESARS NORTHEAST 3 INC.,
LITTLE CAESARS NORTHEAST 4 INC.,
LITTLE CAESARS NORTHEAST 5 INC.,
LITTLE CAESARS NORTHEAST 6 INC.,
LITTLE CAESARS NORTHEAST 7 INC.,
LITTLE CAESARS NORTHEAST 8 INC.,
LITTLE CAESARS NORTHEAST 9 INC.,
LITTLE CAESARS NORTHEAST 11 INC.
D/B/A LITTLE CAESARS AND MOHAMMED S. KHAN

                          **Defendants.**
-----------------------------------------------------------------X

      **IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned Parties, through their respective counsel, that the above action may be and is hereby dismissed as to Defendants with prejudice and without costs to either party.

The Court shall retain jurisdiction over the settlement for the purposes of the enforcement of the provisions thereof.

Dated: New York, NY

___6/18_____, 2018

THE KLEIN LAW GROUP, P.C.

By: _____
Darren Rumack, Esq.
39 Broadway Suite 1530
New York, NY 10006
(212) 344-9022
*Attorneys for Plaintiffs*

Dated: New York, NY

___6/19_____, 2018

COZEN O'CONNOR

By: _____
John Ho, Esq.
277 Park Ave.
New York, NY 10172
(212) 883-4927
*Attorneys for Defendants*

SO ORDERED:

# EXHIBIT B

The Klein Law Group, P.C.
39 Broadway, Suite 1530
New York, NY 10006

6/19/2018

## Invoice                                   Case #   17-00601

Ijaz Ishaq
12-108 Hillside Avenue, Apt. 2F
Richmond Hill, NY 11418

| Date | Attorney | Hours | Description |
|---|---|---|---|
| 11/13/2017 | DARREN | 0.00 | Darren Notes |
| 11/13/2017 | DARREN | 0.01 | Terms of Engagement for Legal Services |
| 11/13/2017 | DARREN | 0.01 | Terms of Engagement for Legal Services |
| 11/13/2017 | DARREN | 0.10 | photocopying of payroll and timesheets |
| 11/14/2017 | DARREN | 0.50 | research re: corporate entities |
| 11/14/2017 | DARREN | 0.50 | drafting complaint |
| 11/20/2017 | DARREN | 0.05 | email to client |
| 11/29/2017 | DARREN | 1.00 | meeting with clients to review complaint |
| 12/01/2017 | DARREN | 1.75 | revising complaint and filed on PACER |
| 12/05/2017 | DARREN | 0.25 | S&C out for service |
| 01/29/2018 | DARREN | 0.05 | updated clients |
| 01/30/2018 | DARREN | 0.14 | ret'd plaintiff Khan's call |
| 02/06/2018 | DARREN | 0.50 | filed for clerks certificate against corporate defendant |
| 02/27/2018 | DARREN | 2.00 | damage calculations |
| 03/01/2018 | DARREN | 0.25 | updated clmts re: case status |
| 03/27/2018 | DARREN | 2.75 | drafting default judgment motion and memo of law |
| 04/23/2018 | DARREN | 1.75 | clients in office to review and draft affidavits for default |
| 05/24/2018 | DARREN | 0.25 | phone call from defense attorney re: case status and default |
| 06/12/2018 | DARREN | 0.50 | meeting with clients |
| 06/13/2018 | DARREN | 1.50 | drafted settlement agreement and approval letter |
| 06/18/2018 | DARREN | 0.50 | clients in office to review settlement agreement |

**Total:**   14.353   $5,401.00

Please Submit with Payment Case # 17-00601   Amount Paid: _____